O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>ROGER N. FEARING AND<br>CHRISTINE E. FEARING<br>　　　　DEBTORS,<br>_____<br>ROGER N. FEARING AND<br>CHRISTINE E. FEARING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID SEROR, CHAPTER 7<br>TRUSTEE,<br><br>　　　　Defendants.<br>_____ | Case No. CV 07-5276-VAP<br>USBC Case No. SV 00-10940-KT<br><br>**[Motion filed on August 18, 208]**<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS AND DISMISSING APPEAL** |

　　The Court has received and considered all papers filed in support of and in opposition to the Appeal from the Bankruptcy Court's Order("Order") granting Chapter 7 Trustee David Seror's Motion for Summary Judgment and denying Debtors Roger N. Fearing and Christine E. Fearing's Motion to Alter and Amend.  This Appeal, filed by Roger N. Fearing and Christine E. Fearing, is appropriate for resolution without hearing.  See Fed. R.

Civ. P. 78; Local Rule 7-15.  For the reasons set forth below, the Court affirms the Bankruptcy Court's Orders.

## I. BACKGROUND

Debtors Roger N. Fearing and Christine Fearing ("Appellants") filed a petition for protection under Chapter 11, 11 U.S.C. § 1101, et seq., on January 28, 2000.  (Appellants' Opening Br. Appendix ("Appellants' App.") at 0038-0039.)  They claimed as exempt property a "claim against CSUN [California State University Northridge] and others for personal injury (wife)," "which they valued at $100,000, and a claim for "workers compensation benefits – wife's injury," which they valued at $40,000.  (Id. at 0047-0048.)  On Schedule A attached to their petition, Appellants stated the value of their residence was $500,000 and the amount of secured claims against the house was $912,771.  (Id. at 0128.)  Appellants filed an amended Schedule A stating the value of the house was $560,000 and the amount of secured claims against it was $944,771.  (Id.)  In Schedule C attached to their petition, Appellants claimed a homestead exemption of $75,000.  (Id.)

On December 21, 2001, the Bankruptcy Court entered its "Order of Confirmation of First Amended Plan of Reorganization (As Modified)."  (Id. at 0204.)  In pertinent part, the Order stated as follows:

1  "8. Notwithstanding any reference in the PLAN, as
2      filed, to the treatment accorded to the FTB, the PLAN
3      is hereby amended by substituting therefor, the terms
4      of Exhibit "4" hereto, the Letters of August 8, 2001
5      and August 14, 2001 from Anthony Sgherzi, Esq. To
6      Robert Yespan, Inc.[1]

7

8   9. Notwithstanding any reference in the PLAN, as
9      filed, to the treatment accorded to the IRS, the PLAN
10     is hereby amended by substituting therefor the terms
11     of Exhibit "5" hereto being the Stipulation sent by
12     Mary Schewatz to Robert M. Yaspan, and the
13     modifications contained in the Letter of Robert M.
14     Yaspan to Mary Schewatz, dated October 23, 2001,
15     attached hereto as Exhibit "6"."[2]  (Id. at 0206-
16     0207.)

17 ///

18

---

[1] Paragraph 7 of Exhibit 4, referred to by the Bankruptcy Court's Order, stated: "With respect to the Franchise Tax Board's secured claim filed in this case, the total unpaid balance of the claim will be immediately due and payable upon sale or refinance of the property securing the claim, or, transfer to anyone other than one of the debtors."  (Appellee's Opening Br. at 5; Appellee's Supplemental Excerpts of Record ("Appellee's App.") 42.)

[2] Paragraph 4 of Exhibit 5, referenced by the Bankruptcy Court's Order stated: "[T]he secured claim of the IRS shall be paid in full in cash or certified check within 6 months of the effective date of the Plan.  The debtors anticipate that the payment will be made out of the proceeds from the sale of their home.  However, the debtors may use other means to pay the secured claim in full within 6 months."  (Appellee's Opening Br. at 5-6; Appellee's App. at 47.)

1    Under the terms of the approved Plan, the Plan would
2 be funded by several alternative sources, including the
3 sale or refinancing of Appellants' house and Ms.
4 Fearing's potential settlement with the California State
5 University, Northridge, estimated at $100,000.  (Id. at
6 0196.)

8    After filing the bankruptcy petition, Christine
9 Fearing brought an action in the California Superior
10 Court for the County of Los Angeles against California
11 State University ("CSUN") and other parties for relief on
12 her non-workers' compensation claim.  (Id. at 0034, 0104,
13 0244).  She also pursued her workers' compensation claim
14 with California's Workers' Compensation Appeals Board.
15 (Id. at 0034.)

17    In March 2001, Ms. Fearing signed an agreement
18 settling all her claims against California State
19 University and the individual defendants, and her
20 attorney voluntarily dismissed her action with prejudice.
21 (Id. at 0075-0084.)  Apparently regretting her decision,
22 some months later Ms. Fearing moved in the California
23 Superior Court to set aside the dismissal.  (Id. at
24 0035.)  The California Superior Court denied both that
25 motion and her later motion for reconsideration of its
26 denial.  (Id.)  She then appealed to the California Court
27 of Appeal. (Id.)

1     The Fearings' bankruptcy case was converted from one
2 under Chapter 11 to one under Chapter 7 on June 21, 2002.
3 (Id. at 0164.)  David Seror, the appointed Chapter 7
4 Trustee ("the Trustee"), reached a proposed settlement of
5 the lawsuit with CSUN,³ including the appeal to set aside
6 the settlement.  (Id. at 0035, 0041.)  The Trustee moved
7 for the Bankruptcy Court's approval of his proposed
8 compromise of the lawsuit and appeal.  (Id. at 0035.)
9 The Bankruptcy Court approved the settlement on November
10 22, 2002.  (Id.)  Ms. Fearing attempted to appeal that
11 approval to the California Court of Appeal, which
12 dismissed her appeal with prejudice on January 6, 2003.
13 (Id.)  On January 28, 2003, the Bankruptcy Court approved
14 the sale of Appellants' residence for $775,000; the sale
15 netted $309,557.39.  (Id. at 0052-0057, 0103, 0168.)

17     Despite the dismissal of the appeal, the Fearings
18 appealed the Bankruptcy Court's November 22 Order to the
19 United States District Court for the Central District of
20 California, the Honorable Robert J. Timlin.  Judge Timlin
21 remanded the matter to the Bankruptcy Court on October 8,
22 2003, finding that the Bankruptcy Court had not made an
23 adequate record of its consideration of the factors for
24 approval of a settlement enumerated in In re A&C
25 Properties, 784 F.2d 1377, 1381 (9th Cir. 1986).

---

27     ³ The value of the settlement that was reached by the
Trustee and CSUN was $38,000.  (Appellant's App. at
28 0035.)

1        On April 8, 2004, the Bankruptcy Court issued a new
2   order, explaining its reasoning in further detail and
3   once again approving the Trustee's proposed settlement.
4   The Fearings appealed the order and this Court dismissed
5   the appeal as moot on August 22, 2005.  (Appellants' App.
6   at 0021, 0118-0124.)  The Ninth Circuit affirmed.  See In
7   re Fearing, 222 Fed. Appx. 539 (9th Cir. 2006)
8   (unpublished).

10       On September 24, 2003, the Trustee filed a Complaint
11  for Declaratory Relief in the United States Bankruptcy
12  Court seeking a determination whether or not the Fearings
13  were entitled to any of the proceeds from the settlement
14  with CSUN.  (Appellants' App. at 0015-0031.)  On December
15  21, 2006, the Trustee filed a Motion for Summary
16  Judgment.  (Id. at 0141-0150.)  On May 7, 2007, the
17  Bankruptcy Court granted Trustee's motion and entered
18  judgment in favor of the Trustee, finding the Fearings
19  were not entitled to any of the proceeds of the CSUN
20  settlement.  (Id. at 0005-0006.)  The Fearings filed a
21  Motion to Alter or Amend the Judgment; the Bankruptcy
22  Court denied their motion on May 30, 2007.  (Id. at 0255-
23  0270, 0010-0012.)

25       The Fearings now appeal from that Bankruptcy Court
26  judgment.  Appellants filed their Opening Brief and
27  Appendices on August 18, 2008.  Appellee David Seror

filed his Opening Brief and "Supplemental Excerpts of Record" on September 3, 2008.  Appellants filed their Reply Brief on September 17, 2008.

## II. JURISDICTION AND STANDARD OF REVIEW

Title 28 U.S.C. § 158(a) governs the jurisdiction of a federal district court to entertain an appeal from a bankruptcy court; it provides in pertinent part: "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."

The reviewing court reviews the bankruptcy court's conclusions of law de novo.  See Siriani v. Northwestern Nat'l Ins. Co., 967 F.2d 302, 303-04 (9th Cir. 1992). Findings of fact, however, are reviewed for clear error. See id.  Under this standard, "a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  See In re Sunnymead Shopping Ctr. Co., 178 B.R. 809, 814 (B.A.P. 9th Cir. 1995).

## III. DISCUSSION

Appellants list eighteen issues on appeal while Appellee Trustee claims there is but one issue.  (See Appellants' Reply at 4-9; Appellee's Opening Br. at 2.)

The Court finds the issue properly before it in this appeal is whether or not Appellants are entitled to any proceeds from their bankruptcy estate and, specifically, the amount of the CSUN settlement.[4]

Appellants claim that the CSUN settlement proceeds are exempt and should not be distributed by the Trustee to satisfy Appellants' debts. (See Appellants' Opening Br.)  Appellee argues that even exempt property can be distributed when certain debts, such as tax liens, have been levied against the bankruptcy estate. (See Appellee's Opening Br.)

The Bankruptcy Court found the following: (1) the IRS has a secured claim of $252,555.32; (2) the FTB has a secured claim of $61,934.12; (3) the administrative expenses are at least $378,000, of which $267,500 was approved; and, (4) at most, the bankruptcy estate is valued at $350,000. (Appellants' App. at 0274-275.) Those are findings of fact which are not disputed on appeal.

///
///

---

[4] Appellants devote a large section of their Opening Brief to challenging the opinions expressed by counsel for Appellee published in a legal journal, in what appears to be an attack on the Bankruptcy Court's decision regarding the administrative expenses. (See Appellants' Opening Br. at 11-24.) These arguments are irrelevant.

1    To distribute the proceeds properly, the Trustee
2 must follow the order of priority dictated by 11 U.S.C. §
3 724, because tax liens are at issue.  Under this order of
4 priority, any secured liens senior to tax liens are paid
5 first, followed in order by  administrative expenses,
6 secured tax liens, and secured liens junior to tax liens;
7 finally, any remaining proceeds are returned to the
8 estate.  See 11 U.S.C. § 724(b)(1)-(6); accord In re
9 Laredo, 334 B.R. 401, 411-12 (Bankr. N.D. Ill. 2005).
10 Pursuant to 11 U.S.C. § 522(c), exempt property,
11 ordinarily not liable to satisfy any debt, can be liable
12 to pay debt secured by certain liens, including a noticed
13 tax lien.  See also In re Bolden, 327 B.R. 657, 662
14 (Bankr. C.D. Cal. 2005).
15
16    Here, the Bankruptcy Court correctly and without
17 error applied the law and reached the following
18 conclusion: whether or not the secured tax claims are
19 paid first or the administrative expenses are paid first,
20 there is nothing remaining to which the Appellants are
21 entitled.  (See Appellant App. at 0275-0276.)  The total
22 debt owed by the Appellants significantly exceeds the
23 assets, by any calculation.  Having reviewed the
24 Bankruptcy Court's Order de novo, the Court finds no
25 error.  See Siriani v. Northwestern Nat'l Ins. Co., 967
26 F.2d at 303-04.  The Bankruptcy Court's order granting
27
28

the Trustee's Motion for Summary Judgment and denying Appellants' Motion to Alter or Amend is AFFIRMED.

### IV. CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's Orders granting Trustee's Motion for Summary Judgment and denying Appellants' Motion to Alter or Amend.

Dated: October 21, 2008

VIRGINIA A. PHILLIPS
United States District Judge